**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 27, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: February 27, 2009**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-16434 |
| | ) | |
| MARION H. O'CONNOR, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

Before the Court is the Chapter 7 trustee's motion to dismiss. At issue are: (1) whether the debtor's power of attorney, designating her daughter as attorney-in-fact, is specific enough to allow her daughter to sign a bankruptcy petition on the debtor's behalf, and (2) if so, whether the daughter, as attorney-in-fact, may litigate her mother's bankruptcy case *pro se*. For the reasons that follow, the Court finds that the debtor's power of attorney is specific enough to allow the debtor's daughter to sign a bankruptcy petition on the debtor's behalf,

_____
[1] This opinion is not intended for official publication.

but that the daughter, as attorney-in-fact, may not litigate her mother's bankruptcy case *pro se*. Therefore, the Court will deny the Chapter 7 trustee's motion to dismiss, provided that within thirty days an attorney admitted to practice in the U.S. Bankruptcy Court for the Northern District of Ohio (1) enters an appearance on the debtor's behalf, and (2) files an amended petition, statements, and schedules, signed by the debtor's daughter as attorney-in-fact for the debtor.

## JURISDICTION

A motion to dismiss a bankruptcy case is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2001, the debtor, Marion O'Connor, signed a power of attorney giving her daughter, Joanne O'Connor, the authority to:

- pay [the debtor's] just debts and expenses;

- file and prosecute, join in, or defend any action or proceeding for the recovery of money or property or to establish or defend rights with respect to property, and to appear in [the debtor's] place in any such action;

- do and perform all and every act and thing whatsoever requisite and necessary to be done.

*See* Power of Attorney, Docket #3.  However, the power of attorney does not specifically authorize the debtor's daughter, as attorney-in-fact, to file a bankruptcy petition on the debtor's behalf.

On August 21, 2008, the debtor's daughter filed a petition under Chapter 7 of the Bankruptcy Code on behalf of her mother.  The signature on the petition and schedules bears the debtor's name, Marion O'Connor, but the documents were actually signed by the debtor's daughter, Joanne O'Connor.  On November 6, 2008, the Chapter 7 trustee filed a motion to dismiss the case arguing that it is not proper for an attorney-in-fact to represent a debtor in a bankruptcy proceeding where the power of attorney does not specifically provide for the filing or prosecution of a bankruptcy.  On November 20, 2008, the debtor's attorney-in-fact filed an objection to the trustee's motion.  The Court held a hearing on the trustee's motion and the debtor's objection on January 13, 2009, where the debtor's attorney-in-fact represented to the Court that the debtor is physically infirm from Parkinson's Disease and is unable to manage her own financial affairs or represent herself in a bankruptcy due to physical constraints and difficulty communicating, but not due to any mental incompetence.

Although the Court determines that the debtor's non-lawyer daughter may not represent the debtor *pro se*, nothing in this opinion should be taken as criticism

3

of the debtor's daughter, Joanne O'Connor. The Court has no reason to doubt that Joanne O'Connor is acting solely in the best interests of her mother, both financially and otherwise. Similarly, the Court has no reason to doubt that the trustee, Sheldon Stein, is acting in a manner designed to ensure the integrity of the bankruptcy process.

## DISCUSSION

A. *The Debtor's Power of Attorney is Specific Enough to Allow Her Daughter to Sign a Bankruptcy Petition on the Debtor's Behalf*

"It appears well-settled that a bankruptcy case may be commenced through an attorney-in-fact in appropriate circumstances." *In re Curtis*, 262 B.R. 619, 622 (Bankr. D. Vt. 2001) (collecting cases finding that a bankruptcy case may be commenced by an attorney-in-fact). Specifically, an attorney-in-fact may commence a bankruptcy case on behalf of a debtor so long as: (1) the debtor qualifies as a debtor under 11 U.S.C. § 109, (2) the commencement of a bankruptcy case is within the scope of authority granted to the attorney-in-fact, and (3) such action by the attorney-in-fact does not constitute the practice of law. *See In re Curtis*, 262 B.R. at 622; *In re Hurt*, 234 B.R. 1, 2 (Bankr. D. N.H. 1999). There is no dispute that the debtor qualifies as a debtor under 11 U.S.C. § 109. At issue are: (1) whether the debtor's power of attorney is specific enough to authorize her daughter to sign a bankruptcy petition on the debtor's behalf, and

4

(2) if so, whether the signing of a bankruptcy petition constitutes the practice of law.

Although not in complete agreement, a majority of bankruptcy courts have held that a power of attorney which provides a general authority to litigate includes the power to initiate a bankruptcy proceeding. *Compare In re Curtis*, 262 B.R. at 623 (power of attorney including the authority to litigate sufficient to authorize the filing of a bankruptcy case), *In re Hurt*, 234 B.R. at 3 (power of attorney granting "broad authority over financial and legal affairs includes the power to commence a bankruptcy"), *and In re Rauso*, 2007 WL 184725, *7 (Bankr. E.D. Pa. Jan. 25, 2007) (power of attorney granting "broad authority to institute legal and equitable proceedings" provides authority to file a bankruptcy petition), *with In re Brown*, 163 B.R. 596, 598 (Bankr. N.D. Fla. 1993) (power of attorney must expressly authorize the filing of a bankruptcy) *and In re Gridley*, 131 B.R. 447, 449 (Bankr. D. S.D. 1991) (allowing filing where power of attorney contained specific provision authorizing attorney-in-fact to file a bankruptcy proceeding). The Court agrees with the majority of bankruptcy courts and finds that a power of attorney which provides broad authority to litigate includes the authority to commence a bankruptcy case. The power of attorney signed by the debtor, without specifically mentioning bankruptcy, gives her daughter the broad authority to file and

5

prosecute legal proceedings on her behalf.  *See* Factual and Procedural Background, *supra*; Power of Attorney, Docket #3.  Therefore, the Court finds that the language used in the debtor's power of attorney is specific enough to allow her daughter to sign a bankruptcy petition and to authorize the filing of a bankruptcy proceeding on the debtor's behalf.

The Court also finds that an attorney-in-fact may sign a bankruptcy petition on behalf of the debtor without engaging the practice of law.  *See In re Hurt*, 234 B.R. at 3 (signing of bankruptcy petition by attorney-in-fact did not constitute unauthorized practice of law, and case was permitted to proceed with debtor represented by counsel).  However, when a case is commenced under a power of attorney the attorney-in-fact is required to sign the petition, schedules, and statements in a manner that reflects the representative capacity of the attorney-in-fact.  *See In re Hurt*, 234 B.R. at 3 (citing *In re Brown*, 163 B.R. 596, 598 (Bankr. N.D. Fla. 1993) and *In re Harrison*, 158 B.R. 246, 248 (Bankr. M.D. Fla 1993).  Here, the signature on the petition, schedules, and statements bears the debtor's name, but the documents were actually signed by the debtor's attorney-in-fact.  Therefore, the debtor's attorney-in-fact is required to sign an amended petition, statements, and schedules, in her representative capacity as attorney-in-fact for the debtor.

B. *The Debtor's Daughter, a Non-lawyer Layperson, May Not Represent the Debtor in a Bankruptcy Case Pro Se*

Section 1654 of Title 28 of the United States Code provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." However, an individual's right to have a layperson conduct a case on the individual's behalf is limited by rules prohibiting the unauthorized practice of law. For example, a "venerable common law rule based on the strong state interest in regulating the practice of law" states that a non-lawyer layperson may *not* engage in the unauthorized practice of law by representing another person in court *pro se*. *See Cavanaugh v. Cardinal Local School District*, 409 F.3d 753, 756 (6th Cir. 2005) (citations omitted) (abrogated on other grounds in *Winkelman v. Parma City School District*, 550 U.S. 516, 127 S.Ct. 1994 (2007)).

In *Winkelman*, the Supreme Court abrogated the portion of *Cavanaugh* which had rejected the claim that the Individuals with Disabilities Education Act (IDEA) gave parents the right to prosecute IDEA claims on their own behalf. *See Winkelman*, 127 S.Ct. at 2006. Because the Supreme Court held that parents could prosecute IDEA claims on their own behalf, the Supreme Court declined to reach the alternative argument that IDEA entitles parents to litigate their child's claims *pro se*. *See Winkelman*, 127 S.Ct. at 2007. Accordingly, the portion of *Cavanaugh* holding that non-lawyer parents cannot serve as legal counsel for their

minor child's cause of action, *see* 409 F.3d at 755-56, remains binding precedent in the Sixth Circuit.

Moreover, the common law rule prohibiting the unauthorized practice of law by non-lawyers is codified in N.D. Ohio Local Civil Rule 83.5(a), which provides in pertinent part:

> No person shall be permitted to practice in this Court or before any officer thereof as an attorney or to commence, conduct, prosecute, or defend any action, proceeding, or claim in which such person is not a party concerned, either by using or subscribing his or her own name or the name of any other person, unless he or she has been previously admitted to the Bar of this Court.

This local federal rule is also consistent with analogous state law prohibiting the unauthorized practice of law by a non-lawyer. *See* O.R.C. § 4705.01[2]; *see also Disciplinary Counsel v. Coleman*, 724 N.E.2d 402, 404 (Ohio 2000) ("When a person not admitted to the bar attempts to represent another in court on the basis of a power of attorney assigning *pro se* rights, he is in violation of [O.R.C. § 4705.01]."). Further, under Ohio law a durable power of attorney, even one specifically authorizing a person to file or prosecute a case on another's behalf,

---

[2] O.R.C. § 4705.01 provides in pertinent part:
No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned . . . unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.

does not permit an attorney-in-fact to prepare and pursue legal actions as an attorney-at-law.  *See Ohio State Bar Assn. v. Jackim*, Slip Opinion No. 2009-Ohio-309 (Ohio Feb. 3, 2009) (power of attorney does not permit person to act as attorney-at-law); *Cuyahoga Cty. Bar Assn. v. Spurlock*, 770 N.E.2d 568, 569 (Ohio 2002) (same); *Ohio v. Block*, 2007 WL 1219292, *1 (Ohio App. April 20, 2007) (same).  Accordingly, a power of attorney "cannot be used to circumvent the statutory prohibition against the unauthorized practice of law." *Coleman*, 724 N.E.2d at 404.

There is nothing in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure that abrogates N.D. Ohio Local Civil Rule 83.5(a) or the common law rule prohibiting the practice of law by a non-lawyer, or that would otherwise authorize a non-lawyer layperson to represent a debtor *pro se* in a case before the U.S. Bankruptcy Court.  For example, although Bankruptcy Rule 9010(a)(2) authorizes an attorney-in-fact to act on a debtor's behalf, the authority to act is expressly limited to "any act not constituting the practice of law."  Fed. R. Bankr. P. 9010(a)(2); *see also In re Rauso*, 2007 WL 184725 at *5; *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 295 (Bankr. N.D. Ohio 2001).

The debtor's attorney-in-fact argues that because her mother signed a durable power of attorney giving her the right to file and prosecute any legal

action, she is thereby entitled to stand in her mother's shoes to prosecute the case *pro se*, without the assistance of legal counsel. However, as discussed above, there is a distinction between giving a layperson the power to authorize the commencement of litigation, including a voluntary bankruptcy petition, and giving that same layperson the power to litigate such a case on a another person's behalf *pro se*. Under our local federal rules, common law, and analogous state law, a non-lawyer layperson may not represent a debtor in a bankruptcy case *pro se*, and any power of attorney purporting to give a non-lawyer layperson such a right is of no effect. Therefore, regardless of the authority the debtor's power of attorney intends to impart, the debtor's attorney-in-fact is not permitted to engage in the unauthorized practice of law by representing the debtor *pro se* in the debtor's bankruptcy case.

Accordingly, the debtor's attorney-in-fact may not prosecute this case *pro se*. Nevertheless, the debtor's attorney-in-fact may authorize the filing of a bankruptcy case on the debtor's behalf and may retain counsel to prosecute the case before this Court. Therefore, the Court will deny the Chapter 7 trustee's motion to dismiss, provided that within thirty days an attorney admitted to practice in the U.S. Bankruptcy Court for the Northern District of Ohio (1) enters an appearance on behalf of the debtor, and (2) files an amended petition, statements,

and schedules, signed by the debtor's daughter as attorney-in-fact for the debtor.

CONCLUSION

For the foregoing reasons, the Court finds that the debtor's power of attorney is specific enough to allow the debtor's daughter to sign a bankruptcy petition on the debtor's behalf, but that the daughter, as attorney-in-fact, may not litigate her mother's bankruptcy case *pro se*. Therefore, the Court will deny the Chapter 7 trustee's motion to dismiss, provided that within thirty days an attorney admitted to practice in the U.S. Bankruptcy Court for the Northern District of Ohio (1) enters an appearance on behalf of the debtor, and (2) files an amended petition, statements, and schedules, signed by the debtor's daughter as attorney-in-fact for the debtor. Absent the timely completion of such requirements, the Court will issue a separate order granting the Chapter 7 trustee's motion to dismiss this case.

IT IS SO ORDERED.